UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JOHN C. GILLESPIE,

        Plaintiff,

v.

MICHAEL J. ASTRUE,
Commissioner of Social Security

        Defendant.

NO. C06-1830CRD

ORDER RE: SOCIAL SECURITY
DISABILITY APPEAL

    Plaintiff John C. Gillespie appeals the final decision of the Commissioner of the Social Security Administration ("Commissioner") who denied his applications for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act ("SSA" or "the Act"), 42 U.S.C sections 401-33, and Supplemental Security Income ("SSI") disability benefits under Title XVI of the SSA, 42 U.S.C. sections 1381-83f, after a hearing before an administrative law judge ("ALJ"). For the reasons set forth below, the Court reverses the Commissioner's decision and remands the case.

## I. FACTS AND PROCEDURAL HISTORY

    Plaintiff is a fifty-two-year-old male, fifty years old at the alleged disability onset date. Administrative Record ("AR") at 20; 24. He completed the eighth grade and has work experience as a masonry hod carrier. AR at 24; 161; 170. Plaintiff filed his application for Title II benefits on June 18, 2003, and Title XVI benefits on November 17, 2003 (AR at 52-54, 370-73), alleging disability as of

ORDER - 1

February 13, 2001 due to a herniated disc in his neck and pain in his shoulders, knees, and ankles. AR at 160. His claim was denied initially and upon reconsideration. AR at 29-31; 33-34; 375-76. Plaintiff made a timely request for a *de novo* hearing before an ALJ. *Id*. at 35. On November 1, 2005, ALJ John Bauer conducted a hearing. *Id*. at 425-56. The ALJ heard testimony from two witnesses: plaintiff, who was represented by counsel, John Gustadt, Esq., and a vocational expert. *Id*. On March 14, 2006, the ALJ issued a decision finding plaintiff not disabled. *Id*. at 17-25. Plaintiff requested review by the Appeals Counsel, and on November 2, 2006 review was denied (AR at 6), rendering the ALJ's decision the final decision of the Commissioner. 20 C.F.R. §§ 404.981, 422.210 (2006). On January 19, 2007, plaintiff initiated this civil action for judicial review of the Commissioner's final decision. Dkt. No. 4.

## II. JURISDICTION

Jurisdiction to review the Commissioner's decision exists pursuant to 42 U.S.C. sections 405(g) and 1383(c)(3).

## III. STANDARD OF REVIEW

Pursuant to 42 U.S.C. section 405(g), this Court may set aside the Commissioner's denial of social security benefits when the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 (9th Cir. 2005). "Substantial evidence" is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 402 (1971); *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving any other ambiguities that might exist. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). While the Court is required to examine the record as a whole, it may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). When the evidence is susceptible to more than one rational interpretation, it is the Commissioner's conclusion that must be upheld. *Id*.

ORDER - 2

## IV. EVALUATING DISABILITY

As the claimant, Mr. Gillespie bears the burden of proving that he is disabled within the meaning of the Social Security Act. *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999) (internal citations omitted). The Act defines disability as the "inability to engage in any substantial gainful activity" due to a physical or mental impairment which has lasted, or is expected to last, for a continuous period of not less than twelve months. 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). A claimant is disabled under the Act only if his impairments are of such severity that he is unable to do his previous work, and cannot, considering his age, education, and work experience, engage in any other substantial gainful activity existing in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B); *see also Tackett v. Apfel*, 180 F.3d 1094, 1098-99 (9th Cir. 1999).

The Commissioner has established a five-step sequential evaluation process for determining whether a claimant is disabled within the meaning of the Act. *See* 20 C.F.R. §§ 404.1520, 416.920. The claimant bears the burden of proof during steps one through four. At step five, the burden shifts to the Commissioner. *Id.* If a claimant is found to be disabled at any step in the sequence, the inquiry ends without the need to consider subsequent steps.

Step one asks whether the claimant is presently engaged in "substantial gainful activity." 20 C.F.R. §§ 404.1520(b), 416.920(b).[1] If he is, disability benefits are denied. If he is not, the Commissioner proceeds to step two. At step two, the claimant must establish that he has one or more medically severe impairments, or combination of impairments, that limit his physical or mental ability to do basic work activities. If the claimant does not have such impairments, he is not disabled. 20 C.F.R. §§ 404.1520(c), 416.920(c). If the claimant does have a severe impairment, the Commissioner moves to step three to determine whether the impairment meets or equals any of the listed impairments described in the regulations. 20 C.F.R. §§ 404.1520(d), 416.920(d). A claimant whose impairment meets or equals one of the listings for the required twelve-month duration requirement is disabled. *Id.*

---

[1] Substantial gainful activity is work activity that is both substantial, *i.e.*, involves significant physical and/or mental activities, and gainful, *i.e.*, performed for profit. 20 C.F.R. § 404.1572.

ORDER - 3

When the claimant's impairment neither meets nor equals one of the impairments listed in the regulations, the Commissioner must proceed to step four and evaluate the claimant's residual functional capacity ("RFC"). 20 C.F.R. §§ 404.1520(e), 416.920(e). Here, the Commissioner evaluates the physical and mental demands of the claimant's past relevant work to determine whether he can still perform that work. 20 C.F.R. §§ 404.1520(f), 416.920(f). If the claimant is able to perform his past relevant work, he is not disabled; if the opposite is true, the burden shifts to the Commissioner at step five to show the claimant can perform other work that exists in significant numbers in the national economy, taking into consideration the claimant's RFC, age, education, and work experience. 20 C.F.R. §§ 404.1520(g), 416.920(g); *Tackett*, 180 F.3d at 1099, 1100. If the Commissioner finds the claimant is unable to perform other work, the claimant is found disabled and benefits may be awarded.

## V. THE ALJ'S FINDINGS

Step One: The ALJ found that plaintiff had not engaged in substantial gainful activity at any time relevant to the decision. *See* AR at 19, Finding 2.

Step Two: The ALJ found plaintiff had severe impairments of cervical degenerative joint disease, and a reading, math and written expression disorder. *Id*. at Finding 3.

Step Three: The ALJ found plaintiff's impairments did not meet or equal the requirements of any listed impairment. *Id*. at 20, Finding 4. The ALJ next determined that plaintiff retained a RFC for light work. *Id*.

Step Four: The ALJ found that plaintiff could not perform any past relevant work. *Id*. at 24, Finding 6.

Step Five: The ALJ determined that plaintiff could perform a significant number of other jobs in the national economy. The ALJ therefore concluded plaintiff was not disabled as defined in the SSA. *Id*. at 24, Finding 10.

///
///
///
///

ORDER - 4

## VI. ISSUES ON APPEAL

The principal issues on appeal are:

1. Did the ALJ err in evaluating plaintiff's education level or in presenting his education level in the hypothetical question to the vocational expert ("VE")?

2. Did the ALJ err in determining plaintiff's RFC based on a limitation to bend his neck?

Dkt. No. 16 at 1.

## VII. DISCUSSION

It is clear that plaintiff is physically injured as a result of years of carrying heavy loads of masonry hod; further, it is undisputed that plaintiff has minimal formal education and a documented learning disability. Although plaintiff cannot perform his past work as a hod carrier, the ALJ concluded he is capable of performing light work, including sedentary work. Plaintiff contends the ALJ erroneously concluded that he is able to perform the light work jobs of parking lot attendant and assembler because of his lower education level and because of his diminished ability to bend his neck.
Dkt. 16 at 1.

Plaintiff first contends that, although he completed eighth grade, the ALJ erred by finding plaintiff has a "limited" education under the regulations because his actual educational abilities are far lower. Dkt. 16 at 5. The Social Security regulations provide that factors other than grade level completion may be considered to adjust the actual educational abilities. *See* 20 C.F.R. § 404.1564(b) ("Therefore, the numerical grade level that you competed in school may not represent your actual educational abilities. These may be higher or lower. However, if there is no other evidence to contradict it, we will use your numerical grade level to determine your educational abilities."; "Limited education means ability in reasoning, arithmetic, and language skills, but not enough to allow a person with these educational qualifications to do most of the more complex job duties needed in semi-skilled or skilled jobs. We generally consider that a 7th grade through the 11th grade level of formal education is a limited education.").

Here, there is clear and undisputed evidence in the record that plaintiff's education level is below the highest grade level he completed. The ALJ noted that in April 2003, Rodger Meinz, Ph.D.,

ORDER - 5

performed a psychological evaluation, finding "low average IQ levels and limited reading, spelling and mathematic levels. His memory was intact. Dr. Meinz diagnosed disorders of reading, mathematics and written expression..." AR at 21. The ALJ noted that in February 2004, Kerry Bartlett, Ph.D, also performed a psychological evaluation, finding:

> ...[H]is speech suggested limited verbal and vocabulary skills; he could manage 1-2 step verbal instructions using basic vocabulary. WAIS-III testing suggested average to low average IQ levels, worse in the verbal domains. Memory testing was mixed, but it suggested difficulty with retention of visual information as opposed to verbal. His functioning was commensurate with his IQ levels. Dr. Bartlett diagnosed a mixed expressive-receptive language disorder with associated reading, written expression and mathematics disorders.

AR at 22.

The ALJ also noted that both an independent living specialist and a friend reported plaintiff was illiterate, and that a DDS interviewer met with claimant in June 2003 and reported that he had difficulty reading, speaking, and understanding. AR at 23. The ALJ further noted that in October 2003 and March 2004, DDS reviewing psychologists determined plaintiff had a learning disorder of math, reading, and written expression, and that he had moderate limitations at understanding, remembering, and carrying out other detailed instructions. AR at 23. Also with respect to his reading ability, the ALJ noted that plaintiff could read blueprints and had passed a state welder's certification; however, the Court notes this information is of questionable importance based on plaintiff's testimony that the blue prints he "read" depicted graphically where to place masonry materials, and the welder's examination was not a written examination but a hands-on performance test. AR at 448. Finally, the ALJ noted that plaintiff completed school through the eighth grade. AR at 24.

It is undisputed by the parties that plaintiff spells, writes and pronounces words at about the second grade level, and performs math at about the fourth grade level. Defendant concedes that "plaintiff's education level may have been better described as marginal rather than limited" but argues that the error was harmless because the ALJ nonetheless limited plaintiff to unskilled work. Dkt. 17 at 5. The harmless error standard applies to Social Security cases. *See Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005) ("A decision of the ALJ will not be reversed for errors that are harmless." (citing *Curry v. Sullivan*, 925 F.2d 1127, 1131 (9th Cir.1990))). In *Curry*, the court found the ALJ's determination that

ORDER - 6

claimant was capable of light work resulted in harmless error based on finding claimant had a G.E.D. when she did not, because claimant was literate and able to communicate in English. Defendant in the present case argues that because plaintiff is not illiterate and has the basic educational skills necessary to perform the unskilled jobs of assembler and parking lot attendant, the error was harmless. Plaintiff argues he does not meet the education requirements of either of those jobs.

Specifically, plaintiff argues that based on the Dictionary of Occupational Titles ("DOT"), the light work jobs the ALJ found him capable of performing, that of assembler and parking lot attendant, require Language Level 1, Math Level 1, and Verbal Aptitude above the lowest tenth percentile, none of which plaintiff meets. Dkt. 16 at 9. In response, defendant argues that plaintiff does possesses sufficient educational skill to perform both jobs, and that moreover he was able to work at his previous job as a hod carrier with those same skills. Defendant also disputes the applicability of the DOT as plaintiff relies upon it.

Although plaintiff does not explain how a finding of "marginal" education rather than "limited" would have caused the ALJ to find he is incapable of *all* unskilled light work, nor does plaintiff explain how even if he were found to be totally illiterate that such a finding would render him disabled and incapable of all work, this Court finds in light of the contradictory evidence cited above, that substantial evidence does not support the ALJ's finding that plaintiff had a eighth grade education level; rather, plaintiff's educational achievement is actually much lower than that level. Contrary to the Commissioner's assertion of harmless error, the ALJ must fully consider plaintiff's education level at step five. *See* 20 C.F.R. § 404.1564 (2006) ("When we decide whether you are disabled under [step five], we will consider your chronological age in combination with your residual functional capacity, education, and work experience."). Given this, the Court finds that the ALJ's step five finding is flawed and must be reassessed on remand.

Further, because the ALJ did not fully and accurately describe plaintiff's educational abilities in the hypothetical question to the vocational expert, the vocational expert's answer is unreliable. *Lewis v. Apfel*, 236 F.3d 503, 517 (9th Cir. 2001) (hypothetical questions asked of the vocational expert must set out all of the claimant's impairments, and if the record does not support the assumptions in the

ORDER - 7

hypothetical, the vocational expert's opinion has no evidentiary value). 20 C.F.R. §§ 404.1566(e), 416.966(e). While it may be true that a finding of a marginal education appropriately conveyed to the vocational expert would have resulted in the ALJ still concluding that plaintiff is capable of performing certain light work jobs, the ALJ did not appropriately convey such limits of plaintiff's education. Additionally, there is scant evidence in the record indicating plaintiff can perform the jobs indicated. Plaintiff's psychological testing indicated he had trouble with basic math and performed simple math calculations at approximately the fourth grade level. At the hearing, plaintiff testified that when given change at a store he often has to assume it is correct and then go home to count it so he does not get embarrassed. AR at 433. Also at the hearing, the ALJ asked plaintiff whether he would be able to make change as a parking lot attendant and plaintiff replied that he would have trouble doing so. The ALJ then asked plaintiff a hypothetical money change question which plaintiff answered incorrectly, answering that change from ten dollars for a $7.50 parking ticket would be $3.50. AR at 446.

In summary, substantial evidence does not support a finding of an eighth grade education, and the ALJ was required to fully set forth plaintiff's actual educational abilities and limitations, presenting them in the hypothetical question to the vocational expert. There is not substantial evidence in the record that plaintiff has the educational skills necessary to reliably perform the two example jobs cited by the ALJ. Although it is apparent plaintiff has a marginal educational aptitude and the residual functional capacity to perform some light and sedentary work, this Court is not the fact finder and cannot determine what range of work or jobs plaintiff is capable of performing given his vocational ability. Because the Court remands on the education issue, it is not necessary to examine the arguments raised with respect to plaintiff's RFC determination. On remand, the ALJ is directed to fully describe the limits of plaintiff's education level to the vocational expert.

///
///
///
///
///

ORDER - 8

## VIII. CONCLUSION

For the reasons set forth above, the Commissioner's decision is REVERSED and this case is REMANDED for further administrative proceedings pursuant to 42 U.S.C. § 405(g) (a sentence four remand).

DATED this 18th day of March, 2008.

Carolyn R. Dimmick
United States District Judge

ORDER - 9